UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEMETRICK JARRED ADAMS,
    Plaintiff,

v.                                          Case No.:  3:25cv1387/TKW/ZCB

DEPUTY BAKER #369,
    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action by filing a civil rights complaint.  (Doc. 1).  The Court performed its screening duty under 28 U.S.C. § 1915(e)(2)(B) and determined that Plaintiff's complaint suffered from several deficiencies.  (Doc. 7). Accordingly, on August 27, 2025, Plaintiff was ordered to file an amended complaint or notice of voluntary dismissal within fourteen days.  (*Id.* at 8).

Plaintiff did not file an amended complaint or notice of voluntary dismissal by the deadline.  Therefore, on September 16, 2025, the Court ordered Plaintiff to show cause, within fourteen days, why this case should not be dismissed for failure to comply with a Court order.  (Doc. 12).  The Court notified Plaintiff that his failure to show cause would

1

result in a recommendation of dismissal of this case. (*Id.*). The deadline

for compliance with the show cause order has passed, and Plaintiff has

not filed an amended complaint or responded to the show cause order.[1]

Accordingly, it is respectfully **RECOMMENDED** that this case be

**DISMISSED without prejudice** for Plaintiff's failure to comply with

an order of the Court. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal

if a "party fails to comply with an applicable rule or a court order"); *see*

*also Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914-15 (11th Cir.

2018) (affirming dismissal where *pro se* plaintiff failed to file an amended

complaint as directed); *Farney v. Florida*, No. 3:24CV190-TKW-HTC,

2024 WL 3553278, at *1 (N.D. Fla. July 26, 2024) (dismissing for failure

to comply with order to file amended complaint); *Logan v. Godwin*, No.

22-14171, 2023 WL 5528912, at *2 (11th Cir. Aug. 28, 2023) ("Ordinarily,

---

[1] On September 18, 2025, Plaintiff submitted a filing that references the FBI, a FOIA document, and retaining an attorney. (Doc. 13 at 1, 6). The filing also appears to include a "Complaint of Judicial Misconduct or Disability" bearing a different case number from this action and filed against another judge of this Court. (*Id.* at 3-6). No attorney has appeared for Plaintiff in this case and Plaintiff's judicial misconduct complaint has no bearing on this case. Thus, even if Plaintiff's filing is construed as a response to the Court's show cause order, Plaintiff has not adequately explained why he failed to file an amended civil rights complaint in compliance with the Court's prior order. (*Id.*).

a dismissal *without prejudice* for failure to comply with a court order is not an abuse of discretion.") (emphasis in original).

At Pensacola, Florida, this 7th day of October 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.